[Criminal No. 420.   Filed May 19, 1917.]

[165 Pac. 311.]

## R. H. FUQUA, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—VENUE—PLACE OF OFFENSE.—In prosecution for introducing intoxicating liquor into the state, the contention that the court did not have jurisdiction for the reason that the liquors, before being brought into venue county, were actually introduced into the state in another county, and hence that the offense was committed in that county, was without merit.

2. CRIMINAL LAW—PROSECUTIONS—INSTRUCTIONS.—In a prosecution for introducing intoxicating liquors into the state, the principle of law, stated in a refused requested instruction, that "you are instructed that, before you are justified in finding the defendant guilty, you must be satisfied by the evidence beyond a reasonable doubt that the defendant introduced the whiskey in question into this state for an unlawful purpose, that is, to sell, give, barter or dispose of to another, he is not guilty if he introduced it for his own personal use or consumption," was fairly stated in a given instruction that: "The court instructs the jury that a person may lawfully introduce whiskey into this state for his own personal use or consumption. That is no crime, and, if you believe from the evidence that the defendant

introduced the whiskey in question into the state for his own personal use or consumption, it is your duty to acquit him."

3. CRIMINAL LAW—APPEAL—INSTRUCTION.—In a prosecution for introducing intoxicating liquor into the state, where the court gave an instruction which fairly stated the law, no error was committed in refusing to give another which sets forth the same principle of law, but by a different arrangement of the language used to express the idea involved.

4. WITNESSES—EVIDENCE—IMPEACHMENT OF ACCUSED.—In a prosecution for introducing intoxicating liquor into the state, where the defense was that the liquor which the defendant admits he introduced from California was for his own personal use, and not for illegal disposition, and he testified to that effect, the state had the right to test the matter of defendant's purpose in introducing the liquors by cross-examination into that issue, and to ask the questions whether it was the first time he had brought liquors into the state and if he had not made regular trips for such purpose.

5. WITNESSES—EVIDENCE—IMPEACHMENT OF ACCUSED.—In a prosecution for introducing intoxicating liquors into the state, where the defendant on direct examination and in support of his defense stated that he introduced the liquors for personal use, and on cross-examination denied that he had brought in other lots, evidence offered by the state in rebuttal, tending to show that defendant had made other and different statements of the intended use of the liquors he had brought in, was relevant and competent as bearing on the defense offered.

[As to impeaching witnesses, see note in 14 **Am. St. Rep.** 157.]

6. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.—Evidence of trips made by defendant to the same place and of loads of whiskey brought back by him other than the load in question was also admissible.

APPEAL from a judgment of the Superior Court of the county of Maricopa. R. C. Stanford, Judge. Affirmed.

Messrs. Baker & Baker, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. R. Wm. Kramer and Mr. Geo. W. Harben, Assistant Attorneys General, for the State.

CUNNINGHAM, J.—The appellant bought a large quantity of whiskey, wine, and beer, at Imperial, in the state of California. He loaded the liquor in an automobile in cases and suitcases, and placed tags on the cases indicating their contents. A quilt used for bedding was thrown over the load

in the automobile, and the suitcases were placed on the outside attachments of the machine. No attempt was made to conceal the character of the load carried.

The appellant testified as follows:

"We crossed the Colorado River at Yuma over the new state bridge, and came into Arizona at Yuma, in Yuma county, Arizona. We stopped in Yuma for a little while on the public street, and then came on toward Phoenix to a place near Buckeye, in Maricopa county, where we were arrested. I intended to drink myself this liquor I brought in, and never intended to sell it, . . . nor dispose of it to anyone else."

On cross-examination, the county attorney was permitted, over the objection of appellant, to inquire of the appellant whether he had made a number of trips to the same place, other than the trip he admitted he did make. The purpose for which the county attorney asked the questions was to cross-examine the appellant "relative to his use of whiskey, as a person who drinks that you inquired into." The objections raised were that the matter was not proper cross-examination, that the questions tend to show the commission of another offense, and that it is immaterial and irrelevant. The witness denied that he made frequent trips and returned with intoxicating liquors. The witness was asked whether witness had not made statements, at the time of his making a second trip, to another named person to the effect that witness was bringing the liquors in for a certain named person. This was objected to on the grounds that it is improper examination, that it is immaterial, irrelevant, incompetent, and improper cross-examination, and offered for the purpose of prejudicing the jury against the defendant. These objections were overruled. The appellant, in answer to all of the questions, answered in the negative. The matters to which these objections were raised were gone into in detail. At all times the defendant answered, when required to answer, in the negative.

When the defendant had rested his case, the state in rebuttal introduced testimony tending to contradict the denials made by the appellant on his cross-examination. The charge against a codefendant was dismissed by the prosecution, and the codefendant testified as a witness for the state. The jury returned a verdict of guilty. The court pronounced a judg-

ment of conviction accordingly. From the judgment and from the order refusing a new trial, the defendant appeals.

The appellant contends that the superior court of Maricopa county has no jurisdiction of the offense, for the reason the offense was committed in Yuma county, and not in Maricopa county, as the intoxicating liquors were actually introduced into the state within Yuma county. Consequently, he argues that the offense was committed wholly in Yuma county. This court, in *Reynolds* v. *State,* 18 Ariz. 388, 161 Pac. 885, considered the question here presented, and a majority of the court resolved the question against the appellant's contention. I adhere to the ruling there made.

The defendant requested the court in writing to give the following instruction:

"You are instructed that, before you are justified in finding the defendant guilty, you must be satisfied by the evidence beyond a reasonable doubt that the defendant introduced the whiskey in question into this state for an unlawful purpose; that is, to sell, give, barter, or dispose of to another. He is not guilty if he introduced it for his own personal use or consumption."

The court refused to give this instruction, of which order the appellant complains.

At the written request of the defendant, the court gave the following instruction:

"The court instructs the jury that a person may lawfully introduce whiskey into this state for his own personal use or consumption. That is no crime, and, if you believe from the evidence that the defendant introduced the whiskey in question into the state for his own personal use or consumption, it is your duty to acquit him."

Before the recent amendment of the prohibition laws of the state, these instructions, the one given and the one refused, fairly stated the law. Having given one, no error was committed by the court in refusing to give another which sets forth the same principle of law but by a different arrangement of the language used to express the idea involved.

The appellant complains of the inquiry, on cross-examination, over his objection "if this was the first time he had ever brought any load of whiskey into the state, and if he had not made regular trips to Imperial, bringing in whiskey each time. The objection was made on the ground that it was not proper

cross-examination of the defendant, and for the further reason that it tended to show the commission of another offense.''

The sole defense offered by the defendant was that the liquors he admits that he introduced from the state of California, were introduced by him for purposes of his own personal use, and not for illegal disposition by him. The appellant on his direct examination so testified. Thereupon the state had the right to test the matter of the defendant's purpose for introducing the liquors, by a cross-examination into that issue injected into the trial for the first time by the defendant's evidence in chief. The inquiry made was both relevant and material to the issue raised.

The evidence offered by the state in rebuttal, of which complaint is made, that is, evidence tending to show that defendant made other and different statements of the use to which the liquors which he brought in were intended for, was relevant and competent as bearing on the defense offered. The evidence of trips made by the defendant to the same place and loads of whiskey brought back by him other than the load in question in this case was also pertinent to the issue raised on the part of the defendant.

The trial court did not err in admitting the testimony of which appellant has complained. I am of the opinion the record is free from reversible error. Consequently, the judgment must be affirmed.

FRANKLIN, C. J., and ROSS, J., concur.